UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC MARTIN,

                Petitioner,                Case No. 1:22-cv-12008

v.                                      Honorable Thomas L. Ludington
                                            United States District Judge

GENE HUNT and SHERIFF HINKLEY,

                Respondents.
_____/

**OPINION AND ORDER DENYING WITH PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Eric Martin, imprisoned at the Calhoun County Jail in Battle Creek, Michigan, filed a *pro se* petition for a writ of habeas corpus, alleging he is being unconstitutionally detained. But he neither identifies the challenged conviction nor demonstrates that he has exhausted his state-court remedies. For these reasons, the Petition will be dismissed without prejudice.

I.

Habeas petitions must be promptly examined to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases.

A "petition that appears legally insufficient on its face" should be dismissed. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A petition is legally insufficient if the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) ("[A] claim for relief in habeas

corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." (internal citations omitted)).

## II.

The Petition will be dismissed under Rule 4 for two reasons. First, the Petition does not clearly identify the challenged conviction(s) or the jurisdiction(s) involved; it vaguely references a sentence imposed by "Gene Hunt, so-called 19th District Court Judge." *See* ECF No. 1 at PageID.1. And, though the Petition references a pending charge of driving without a license related to conduct occurring in Calhoun County, *see id.* at PageID.3–4, this Court cannot guess which conviction Petitioner might be challenging and, even so, Petitioner has not furnished any records identifying it. Due to legal insufficiency, the Petition will be dismissed.

Second, Petitioner has not satisfied his burden of pleading exhaustion of state-court remedies. State prisoners must present their claims to the state courts before raising their claims in a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 845. A Michigan prisoner must present each issue to the Michigan Court of Appeals and then the Michigan Supreme Court before seeking habeas review in federal court. *See Cottenham v. Jamrog*, 248 F. App'x 625, 634 (6th Cir. 2007) (unpublished) (per curiam). Although the burden is Petitioner's to prove

exhaustion, *Rust*, 17 F.3d at 160, he has not even alleged that he has presented any of his present arguments to the Michigan appellate courts. For this reason, too, the Petition will be denied.

### III.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). To that end, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

Petitioner has not made a substantial showing of the denial of a constitutional right because reasonable jurist would not debate this Court's conclusions. Accordingly, a certificate of appealability will not issue. Further, Petitioner may not proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* FED. R. APP. P. 24(a).

### IV.

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

**This is a final order and closes the above-captioned case**.

Dated: September 8, 2022      s/Thomas L. Ludington
                              THOMAS L. LUDINGTON
                              United States District Judge